**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | |
|---|---|
| COAST PROFESSIONAL, INC., ) | |
| NATIONAL RECOVERIES, INC., ) | |
| ENTERPRISE RECOVERY SYSTEMS, INC., and ) | |
| PIONEER CREDIT RECOVERY, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Nos.   15-207C, 15-242C, |
| ) | 15-249C, and 15-265C |
| THE UNITED STATES, ) | |
| ) | Chief Judge Braden |
| Defendant, and ) | |
| ) | |
| FINANCIAL MANAGEMENT SYSTEMS, INC., ) | |
| ACCOUNT CONTROL TECHNOLOGY, INC., ) | |
| CONTINENTAL SERVICE GROUP, INC., ) | |
| WINDHAM PROFESSIONALS, INC., and ) | |
| GC SERVICES LIMITED PARTNERSHIP, ) | |
| ) | |
| Defendant-Intervenors. ) | |

**PLAINTIFF ENTERPRISE RECOVERY SYSTEMS, INC.'S**
**MOTION FOR STATUS CONFERENCE**

Plaintiff Enterprise Recovery Systems, Inc. ("ERS") hereby requests that the Court

convene an in-person status conference in these consolidated bid protests as soon as is

convenient for the Court.  As summarized briefly herein, since the last status conference on

October 7, 2016, the parties have submitted numerous filings on a variety of topics, and currently

require further direction from the Court as to how this case shall proceed.

On March 30, 2017, counsel for ERS notified counsel for all parties of ERS' intention to

request a status conference.  Counsel for the Government and Plaintiffs Coast Professional and

Pioneer Credit Recoevry responded that they consent to a status conference.[1]  Counsel for the remaining parties had not yet responded as of the filing of this motion.

### THE PARTIES' FILINGS TO DATE

On December 22, 2016, Plaintiff Pioneer Credit Recovery filed an unopposed Motion to Set the Schedule.  *See* ECF No. 186.  Pursuant to that proposed schedule, which the Court adopted (*see* ECF No. 190), the Plaintiffs would file their Amended Complaints, Motions for Judgment on the Administrative Record ("MJAR"), and Motions to Supplement the Administartive Record; then the Government and Defendant-Intervenors would file their Cross-MJARs and any applicable Motions to Dismiss; and then the parties would, in turn, file their respective responses and replies.

On January 13, 2017, the Plaintiffs timely filed their respective Amended Complaints, MJARs, and Motions to Supplement.  *See* ECF Nos. 198-208.  Thereafter, on February 9, 2017, the Government requested an enlargment of time to file its Cross-MJAR, representing that it had "been exploring a potential resolution of this matter with the agency and the parties."  *See* ECF No. 211.  The Court granted the Government's requested extension, establishing the following deadlines:

| | |
|---|---|
| **February 24, 2017** | Defendant and defendant-intervenors file Cross-Motions for Judgment on the Administrative Record and Motions to Dismiss. |
| **March 8, 2017** | Protesters file responses to Defendant's and Defendant-Intervenors' motions and replies in support of their own motions. |
| **March 21, 2017** | Defendant and Defendant-Intervenors file replies in support of their motions. |

ECF No. 212.

---

[1]    The Government requested that the status conference not be held on April 3 or 4, due to the unavailability of certain Government personnel.

On February 24, 2017, rather than filing a Cross-MJAR, the Government instead proposed to take corrective action and moved to dismiss the Plaintiffs' Complaints as moot in light of that proposed corrective action.  *See* ECF No. 213.[2]  The Government's proposed corrective action would involve a supposed "reevaluation" of whether the four Plaintiffs should receive an award term extension contract; and that reevaluation would not consider the results of the Government's 2015 spot audit/"focused review."  *See* ECF No. 213-1 (Declaration of Contracting Officer Patty Queen-Harper).  Notably, prior to the Government's filing, none of the Plaintiffs had agreed to the Government's proposed corrective action.

Consistent with the previously established briefing schedule, on March 8, 2017, the Plaintiffs filed their responses to the Government's February 24, 2017 filing.  *See* ECF Nos. 218-221.  While each Plaintiff opposed the Government's Motion to Dismiss, the Plaintiffs' respective arguments differed.  For example, Plaintiff ERS argued that (1) there is no need for any supposed reevaluation based on the undisputed record in this case; but (2) should the Court not be inclined at this time to direct the Agency to make an award to ERS, the Court could set a short deadline for the Agency to conduct its proposed "reevaluation" and report back the results, after which time the parties could assess whether further proceedings in this case will be necessary.  *See* ECF No. 220.  The other Plaintiffs, meanwhile, challenged the proposed scope of the contract(s) that the Agency might award following its reevaluation—a question that ERS maintains can be set aside until that reevaluation is first completed.  *See* ECF Nos. 218, 219, 221.

---

[2]      Also on February 24, 2017, four of the five Defendant-Intervenors filed brief papers in support of the Government's Motion to Dismiss and asking the Court to suspend briefing.  *See* ECF Nos. 214-217.  No intervenor filed a substantive response to the MJARs or Motions to Supplement submitted by the Plaintiffs.

On March 22, 2017—one day after the applicable deadline—the Government filed a Reply in support of its Motion to Dismiss the current Complaints as moot in light of the proposed corrective action.  *See* ECF No. 222.  Attached thereto, the Government also filed an updated Declaration from the Contracting Officer further describing the anticipated scope of the Agency's corrective action.  *See* ECF No. 222-1.  Notably, within that Declaration, the Contracting Officer confirmed that the proposed corrective action could be completed in as little as two weeks:

> [T]he Department is prepared to begin the corrective action immediately upon resolution of the motion [to dismiss, ECF No. 212].  The Department will undertake its best efforts to complete the re-evaluation of the [Award Term Extension contract] decisions and announce its decision to the plaintiffs no later than two weeks after resolution of the motion.

ECF No. 222-1 at 2 (¶ 5).  The Contracting Officer also asserted her position that any award term extension contract(s) awarded through the Agency's re-evaluation will end when performance begins under the separate contracts that the Agency is currently attempting to procure under Solicitation No. ED-FSA-16-R-0009.  *Id.* at 7 (¶ 14).[3]  Thus, to the extent the Agency's re-evaluation is to proceed, this would further indicate that time is of the essence in getting that process started, and thus in holding a status conference in this case as soon as possible.

No Defendant-Intervenor filed a Reply brief by the March 21 deadline set by the Court.[4]

---

[3]    On March 27, 2017, GAO sustained in part and denied in part a number of protests challenging the Agency's awards under Solicitation No. ED-FSA-16-R-0009.  ERS understands that, notwithstanding GAO's decision, a disappointed offeror from that procurement whose GAO protest was not consolidated with those in GAO's March 27 decision has now filed suit in this Court, and that the Court has granted a Temporary Restraining Order in that case.  *See* COFC No. 17-449, ECF No. 9 (Mar. 29, 2017 Order).

[4]    On March 28, 2017, Defendant-Intervenor Windham filed a Reply brief ostensibly in support of the Government's Motion to Dismiss the Complaints as moot, yet, simultaneously, arguing that the Government could not undertake the corrective action that Windham claims would moot the Plaintiffs' current protests.  *See* ECF No. 223.  This internally inconsistent and late-filed brief should be stricken from the Record.

## THE CURRENT NEED FOR A STATUS CONFERENCE

As set forth above, currently pending before the Court is the Government's February 24, 2017 Motion to Dismiss and the Plaintiffs' respective Objections thereto.  *See* ECF Nos. 213, 218-221.  Also before the Court are the Plaintiffs' respective MJARs and Motions to Supplement, to which the Government and Defendant-Intervenors have chosen not to substantively respond.  A status conference is necessary to determine how this case shall proceed going forward.  Additionally, it is imperative that the status conference be scheduled at the earliest possible opportunity given the Government's representations regarding the time sensitive nature of the relief available to the Plaintiffs.[5]

Accordingly, ERS respectfully requests that the Court schedule a status conference as soon as is convenient for the Court.

March 31, 2017                                   Respectfully submitted,

                                                         s/ Daniel R. Forman
                                                         Daniel R. Forman
                                                            (Counsel of Record)
Peter J. Eyre                                       Crowell & Moring LLP
James G. Peyster                                1001 Pennsylvania Avenue, NW
Robert J. Sneckenberg                        Washington, DC 20004-2595
PEyre@crowell.com                            Tel: (202) 624-2504
JPeyster@crowell.com                         Fax: (202) 508-8989
RSneckenberg@crowell.com               DForman@crowell.com

*Attorneys for ERS, Inc.*

---

[5]       Given the number and complexity of items potentially at issue, as well as the number of parties in this case, ERS requests that the status conference be conducted in person.  To the extent that certain counsel cannot be available in person, they may, of course, participate by phone.