# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| COAST PROFESSIONAL, INC., <br> NATIONAL RECOVERIES, INC., <br> ENTERPRISE RECOVERY SYSTEMS, INC., and <br> PIONEER CREDIT RECOVERY, INC., <br><br>    Plaintiffs, <br><br>    v. <br><br> THE UNITED STATES, <br><br>    Defendant, <br><br>  and <br><br> FINANCIAL MANAGEMENT SYSTEMS. INC., <br> ACCOUNT CONTROL TECHNOLOGY, INC., <br> CONTINENTAL SERVICE GROUP, INC., <br> WINDHAM PROFESSIONALS, INC., and <br> GC SERVICES LIMITED PARTNERSHIP, <br><br>    Defendant-Intervenors. | BID PROTEST <br><br> No. 15-207C <br><br> (Chief Judge Braden) |

## DEFENDANT'S STATUS REPORT

As requested by the Court, defendant, the United States, respectfully submits this status report to provide an update regarding the status of the Department of Education's (ED) corrective action in this matter. On April 28, 2017, the contracting officer offered new award term extension task orders to plaintiffs Enterprise Recovery Systems, Inc. (ERS) and Pioneer Credit Recovery, Inc. (Pioneer). Both were asked to indicate their acceptance by signing and returning the task orders no later than noon on Monday, May 1, 2017. Also on April 28, 2017, the contracting officer informed plaintiffs Coast Professional, Inc. (Coast) and National Recoveries, Inc. (NRI) that -- in accordance with the terms of the small business set-aside contracts that both firms currently have with ED -- each firm must choose whether to retain their

current set-aside contract or instead to receive an award-term-extension task order as a result of the corrective action.[1] Coast and NRI informed ED on April 28, 2017, that they each have opted to continue to perform under their respective set-aside contract, and both firms also simultaneously objected to being forced to choose. Each firm relatedly requested that we state in this status report that the issue is still in dispute.

In light of the on-going proceedings and the Court's orders issued in *Continental Services v. United States*, Case No. 17-449, as well as the other recently-filed related cases, ED will not transfer any accounts to ERS or Pioneer under the newly issued award-term-extension task orders resulting from the corrective action in this case until further guidance is provided by the Court.[2] This includes ERS's in-repayment-retention accounts from its prior contract, which were due to be recalled on April 22, 2017. ED has not recalled those accounts, and ED also has not transferred those accounts to ERS under the newly issued award-term-extension in light of the current status of the proceedings in the *Continental* matter. Consistent with ED's position in the *Continental* matter to transfer the in-repayment-retention accounts from a firm's prior contract to the firm's new contract awarded in December 2016, ED proposes that it be permitted to transfer

---

[1] As addressed in prior briefing, both Coast's and NRI's current set-aside contracts include a provision (clause C.3.43(1), entitled Organizational Limit on Contracts) stating that "No organization, including any affiliate, division or parent of the organization, may receive or hold more than one prime contract for default collection services with FSA." *See* Dk. No. 222 at 16 (Def's reply in support of mot. to dismiss); *see also* Dk. No. 222-1 ¶ 12 and Ex. A (supplemental declaration of contracting officer, appending the excerpt of the set-aside contract that includes this provision). The Government maintains that this contractual provision requires that NRI and Coast each must choose between their current set-aside contract and receiving an award-term-extension task order. *See* ; Dk. No. 222 at 16. Coast and NRI disagree with the Government's position. *See* Dk. No. 219 (Coast response to motion to dismiss); Dk. No. 221 (NRI response to motion to dismiss).

[2] The Government maintains that any injunction issued in *Continental Services v. United States*, Case No. 17-449, or the other recently-filed related cases, should not preclude ED from assigning accounts to Pioneer or ERS under the award-term-extension task orders.

ERS's in-repayment-retention accounts from its prior contract to ERS's new award-term-extension task order as well.

As the Government explained in its motion to dismiss and reply, the corrective action plan proposed by ED in this matter moots the claims of all four plaintiffs. *See generally* Dk. Nos. 213, 222. Given that ED has now issued award-term-extension task orders to ERS and Pioneer, and has provided Coast and NRI with the choice to continue performing under their respective set-aside contracts or instead to receive an award-term-extension task order as a result of the corrective action, the plaintiffs' claims are all the more clearly moot. Indeed, as we explained in our prior filings, any claims plaintiffs may have regarding the administration of their respective contracts are not properly before the Court as part of this bid protest.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, Jr.
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, Jr.
    By Patricia M. McCarthy
Assistant Director

OF COUNSEL:

JOSE OTERO
SARA FALK
Attorneys
United States Department of Education
400 Maryland Avenue, SW
Washington, D.C. 20202

s/ Michael D. Snyder
MICHAEL D. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel. (202) 616-0842
Fax. (202) 305-7643

April 28, 2017                                           *Attorneys for Defendant*