# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| COAST PROFESSIONAL, INC., <br> NATIONAL RECOVERIES, INC., <br> ENTERPRISE RECOVERY SYSTEMS, INC., and <br> PIONEER CREDIT RECOVERY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant, <br><br> and <br><br> FINANCIAL MANAGEMENT SYSTEMS. INC., <br> ACCOUNT CONTROL TECHNOLOGY, INC., <br> CONTINENTAL SERVICE GROUP, INC., <br> WINDHAM PROFESSIONALS, INC., and <br> GC SERVICES LIMITED PARTNERSHIP, <br><br> Defendant-Intervenors. | BID PROTEST <br><br> No. 15-207C <br><br> (Chief Judge Braden) |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' JOINT MOTION TO LIFT THE STAY OF THIS CASE

On May 8, 2017, two of the four plaintiffs in this matter, Coast Professional, Inc. (Coast) and National Recoveries, Inc. (NRI), filed a joint motion to lift the stay of this case, which the Court entered on April 5, 2017. On April 5, the Court held a status conference to discuss the corrective action in these consolidated protests, and the Court stayed this matter so that Education (ED) could complete its re-evaluation of the four plaintiffs. At that time, the Court also scheduled another status conference for June 7, 2017.

In two declarations provided by the contracting officer prior to the April 5 status conference, ED explained that if Coast or NRI are determined to be responsible to receive an award term extension as a result of the corrective action re-evaluation, both Coast and NRI would have to choose between their current respective set-aside contracts (awarded in 2014) and receiving an award term extension as a result of the corrective action. *See* Dk. Nos. 213-1, 222-1. Regarding this issue, in the contracting officer's second declaration, filed on March 22, 2017, she referred to a contractual provision included in the October 15, 2015 bilateral modification to Coast's and NRI's 2014 set-aside contracts, and an excerpt of that modification was appended to that declaration. *See* Dk. No. 222-1 ¶ 12 and Ex. A (discussing and appending Section C.3.43 of the bilateral modification, entitled "Organizational Limit on Contracts").

Since the contracting officer's declaration was filed on March 22, 2017, neither Coast nor NRI raised any issues regarding the legitimacy or import of the bilateral modification or the operative provision, prior to filing their joint motion to lift the stay on May 8, 2017 (over six weeks after the contracting officer's declaration was filed). Undersigned counsel has spoken to counsel for both Coast and NRI several times since March 22, both on the phone and in person during the April 5 status conference in this matter, as well as during the numerous recent hearings the Court has held for *Continental Serv. Grp., Inc. v. United States*, Fed. Cl. No. 17-449, and the related cluster of recent bid protest cases. Issues regarding the application of the bilateral modification on the corrective action in this case were not raised by Coast or NRI in any of those conversations, and neither party sent undersigned counsel an email or left a voicemail outlining their newly-presented position on this issue.

In sum, over six weeks after the contracting officer's declaration discussing and appending the bilateral modification was filed on March 22, 2017, Coast and NRI now seek to lift the stay this Court issued on April 5, and they mischaracterize the communications that have occurred in the interim. On April 5, after the status conference was adjourned, undersigned counsel told the plaintiffs (including Coast and NRI) that they could expect to hear from the Government during the week of April 17 to April 21, as we were hopeful that the re-evaluation would be completed that week. Given the intense and increased activity that transpired in the *Continental* cases in mid-April, the re-evaluation was not completed by ED until the following week. Indeed, undersigned counsel stated to the Court in a *Continental* hearing held on Monday, April 24, that ED would complete the re-evaluation by the end of that week, which ED accomplished on Friday, April 28. *See* Dk. No. 231. As a result of the re-evaluation, both Coast and NRI were found responsible and were given the opportunity to choose between their respective 2014 set-aside contracts and receiving an award term extension. *Id.*[1]

---

[1] Coast and NRI state that, on Thursday, April 20, 2017, Coast's counsel left undersigned counsel "a voice message that went unreturned." Mot. at 4. Undersigned counsel presented oral argument in *Bias v. United States*, Fed. Cl. No. 15-634, on the afternoon of April 20; attended a hearing in *Continental* the next day, Friday, April 21; and, as stated above, attended another *Continental* hearing on Monday, April 24, during which undersigned counsel stated that the re-evaluation would be completed that week and reiterated that the Government maintains that ED's corrective action moots all four plaintiffs' claims. At that hearing, Coast's counsel stated that unless ED altered its proposed corrective action, Coast would continue to dispute the mootness of its case. *See* Mot. at 5. Since the April 24 hearing in *Continental*, undersigned counsel has had several cordial in-person and telephonic conversations with Coast's counsel, and the newly-presented issues regarding the 2015 bilateral modification were never raised. Thus, the proposition that the April 20 voice message went "unreturned" is inaccurate and misleading. The April 20 voice message was generic and did not raise any specific issues, and the parties communicated several times subsequent to April 20 and no specific issues were raised in those instances. If either Coast or NRI had informed undersigned counsel that there was more to discuss regarding their interpretation of the

Yet, even after the Government filed a status report in this matter on April 28, 2017, in which we explained that ED had completed its re-evaluation, and that both NRI and Coast continue to dispute that the case is moot, counsel for Coast and NRI did not contact undersigned counsel regarding the argument they have now presented in their motion to lift the stay. Coast and NRI never presented or even notified undersigned counsel of such issues prior to filing their joint motion.

Indeed, a review of the entire transcript of the April 5 status conference evidences that several issues were raised by certain plaintiffs and defendant-intervenors regarding the proposed corrective action during that conference,[2] and neither Coast nor NRI mentioned any issues regarding their interpretation of the 2015 bilateral modification, even though the import of the modification had been addressed just two weeks before by the contracting officer, in a declaration filed on March 22, and an excerpt of the modification was appended to that declaration.

Thus, regardless of Coast's and NRI's characterization of the events that preceded the bilateral enactment of the modification in October 2015, *see* Mot. at 7-8 ("ED snuck

---

2015 bilateral modification, we would have engaged in further substantive discussions with them.

[2] In response to the comments of the other parties during the April 5 status conference, the Court directed that, as part of the corrective action, ED ensure that any award term extensions resulting from the re-evaluation last for at least two months. On April 28, when ED informed the four plaintiffs that each was found to be responsible to receive an award term extension task order, ED provided each plaintiff (including Coast and NRI) with an unexecuted task order which included language stating that ED has an "expectation of a minimum of three (3) months [of performance] barring a significant change in circumstances and assuming satisfactory performance." Thus, Coast and NRI are incorrect in arguing that the corrective action ED ultimately undertook is "identical to what was [initially] proposed in [the Government's] motion to dismiss . . . ." Mot. at 5. Rather, ED implemented the Court's directive, which the Court provided during the April 5 conference.

this provision into a modification"), there can be no dispute that counsel for Coast and NRI have been aware of the operative language of the modification since March 22.[3] The question now is whether or not ED's corrective action has mooted Coast's and NRI's amended complaints. For the reasons provided in our motion to dismiss and reply, and as further articulated in our status report of April 28, we maintain that their complaints should be dismissed as moot.

Notably, as the contracting officer explained in her March 22 declaration, Coast and NRI (along with the other small business contractors with set-aside contracts) "receive the amounts [of accounts] they are capable of handling," and both Coast and NRI have received significant account allocations in recent months. DK. No. 222-1 ¶¶ 8-9. Indeed, since Coast and NRI began receiving accounts under their respective set-aside contracts, each has received a volume of accounts approaching the volume that has been assigned to the defendant-intervenors in this matter under the award term extensions. *See id.* Given that ED has been assigning Coast and NRI the amount of work "they are capable of handling" -- which is significant -- it is not at all clear that either Coast or NRI would receive more work even if they could perform under two contracts at the same time.[4] Moreover, as an overarching matter, to the extent Coast or NRI

---

[3] Coast and NRI also posit that "[t]he timing of th[e] [bilateral modification] language is critical because Mod. 3 was issued after the current protests were filed with this Court. . . ." Mot. at 9 (underlining in original). The fact that the bilateral modification was executed in October 2015, while this case was on appeal and the outcome was uncertain, does not change the plain language of the applicable contractual provision.

[4] The 2014 set-aside contracts have a base period that expires in September 2019, as well as an option period that expires in September 2024. Thus, if Coast and NRI could perform under two contracts at one time, the award term extensions (which have a

5

continues to maintain that they are entitled to a certain threshold amount of work under their respective contracts, as we previously explained in our motion to dismiss and reply, and reiterated in our April 28 status report, such arguments are contract administration matters that are not properly before this Court in this bid protest.

In sum, as we explained in our motion to dismiss and reply, ED's corrective action is reasonable in these unique circumstances. ED's determination that Coast and NRI are both responsible to receive an award term extension is a positive event that is now part of Coast's and NRI's past performance history, and neither party is entitled to more relief in these specific circumstances.

Regarding Coast's and NRI's request to lift the stay and schedule a hearing prior to June 7, we defer to the Court on these issues.[5] Given the current status of *Continental* and the other recent bid protest cases, certain issues may be clearer by June 7. In any event, we continue to maintain that this case is moot.

        Respectfully submitted,

        CHAD A. READLER
        Acting Assistant Attorney General

        ROBERT E. KIRSCHMAN, Jr.
        Director

---

maximum of 24 months) would expire prior to the expiration of Coast's and NRI's respective set-aside contracts.

   [5] Regarding Coast's and NRI's separate motion to supplement the Court record with documents regarding the 2015 bilateral modification, we also defer to the Court. However, we oppose including such documents in the Administrative Record.

|  |  |
|---|---|
|  | s/ Reginald T. Blades, Jr.<br>REGINALD T. BLADES, Jr.<br>    By Patricia M. McCarthy<br>Assistant Director |
| OF COUNSEL: | s/ Michael D. Snyder<br>MICHAEL D. SNYDER<br>JANA MOSES<br>Trial Attorney |
| JOSE OTERO<br>SARA FALK<br>Attorneys<br>United States Department of Education<br>400 Maryland Avenue, SW<br>Washington, D.C. 20202 | Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel. (202) 616-0842<br>Fax. (202) 305-7643 |
| May 10, 2017 | *Attorneys for Defendant* |